# Exhibit "A"

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

INSULATE SB, INC., a California
Corporation, individually and on behalf
of all others similarly situated,

                    Plaintiff,

v.

ABRASIVE PRODUCTS &
EQUIPMENT, et al.,

                    Defendants.

Civil Action No. 1:13-cv-01609-YK
(Chief Judge Yvette Kane)

ORAL ARGUMENT REQUESTED

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT GRACO

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff,

Insulate SB, Inc., submits the following Requests for Admissions to Defendants

Graco, Inc. and Graco Minnesota, Inc. (collectively, "Graco").

## INSTRUCTIONS

1.     Plaintiff has filed a Motion for Expedited Discovery.  Responses to

these Requests shall be provided to Plaintiff in the manner and in the time frame as

set forth in the Court's Order regarding the Motion for Expedited Discovery.

2.     As is more fully set out in Rule 36(a), the Defendant must admit or

deny each Request, and, where necessary, specify the parts of each request to

which it objects or cannot in good faith admit or deny. If the Defendant objects to

only part of a Request, it must admit or deny the remainder of the Request. In the event that Defendant objects to or denies any Request or portion of a Request, the Defendant must state the reason for its objection or denial.

3.      These Requests shall be deemed continuing and supplemental answers shall be required if you directly or indirectly obtain further information after your initial response as provided by Federal Rules of Civil Procedure, Rule 26(e).

4.      Each Request solicits all information obtainable by Defendant from Defendant's attorney's, investigators, agents, employees and representatives. If you answer a Request on the basis that you lack sufficient information to respond, describe any and all efforts you made to inform yourself of the facts and circumstances necessary to answer or respond.

## **DEFINITIONS**

The following definitions apply to the document requests listed below:

1.      "You" or "Your" refers to Graco, Inc. and/or Graco Minnesota, Inc., all its divisions, departments, subsidiaries, branches, affiliates, predecessors in interest, successors in interest, present and former officers, directors, managers, employees agents, and representatives.

2.      "Distributor" refers to any entity that purchases FSE from manufacturers of FSE, INCLUDING but not limited to GRACO and/or GAMA/PMC, and then sells, supplies or distributes FSE to other entities, INCLUDING, but not limited to, the distributors named as Defendants in this

action.

3.    "Contractor" refers to any entity that purchases FSE, typically from DISTRIBUTORS, for end use (i.e., the installation of foam insulation) and not for resale.

4.    "FSE" refers to fast-set spray foam equipment, a high-pressure, two-component equipment, which is primarily used by Contractors to apply fast-set spray polyurethane foam, polyurea coatings, and certain epoxies.

5.    "PMC Global" refers to PMC Global, Inc., the parent company of PMC, Inc.

6.    "PMC" refers to PMC, Inc., a subsidiary of PMC Global.

7.    "PLIC" refers to PMC Leaders in Chemicals, a subsidiary of PMC Global.

8.    "Gama/PMC" refers to Polyurethane Machinery Corporation (f/k/a Gama Machinery USA, Inc.), a subsidiary of PMC Global and/or PMC.

9.    "Garraf" refers to Garraf Maquinaria S.A.

10.    Any reference to a specifically named person, corporation, or other entity and any reference generally to "person" shall include the employees, agents, representatives and other persons acting on behalf thereof or through whom the referenced person acts.  The term "person" means and includes natural persons, corporations, partnerships, joint ventures, sole proprietorships, associations, trust, estates, firms and any other entity.

11.     "Communication" and "communications" means the written, electronic or oral transmittal of information (in the form of facts, ideas, inquiries or otherwise).

12.     "Document" and "documents" are used in the broadest sense permitted by Rule 34(a) of the Federal Rules of Civil Procedure and include, but are not limited to, any writings, drawings, graphs, charts, photographs, phonograph records, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, internal or external websites, compact discs, computer files and disks, and electronically stored information.

13.     "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

14.     The word "or" is used herein in its inclusive sense unless the context clearly requires otherwise.

15.     "Meeting" or "meetings" refer to, without limitation, any assembly, convocation, encounter, or contemporaneous presence (whether in person or via any electronic, computer assisted, digital, analog, or telephonic method of communication) of two or more persons.

16.     The terms "price," "prices" or "pricing" mean any actual, proposed, suggested or recommended price, as well as price increases or decreases, price quotations, price lists, price announcements, discounts, rebates, and any changes or proposed changes in the above.

DM1\3938479.2

17.     The terms "relating to," "reflecting," and "concerning" unless otherwise indicated mean including, summarizing, demonstrating, constituting, containing, studying, analyzing, considering, explaining, mentioning, showing, discussing, describing, commenting upon, resulting from, prepared for or used in connection with.

## REQUESTS FOR ADMISSIONS

1.     Admit that the market for FSE is a separate relevant market.

2.     Admit that North America is a separate and distinct geographical market for the sale of FSE.

3.     Admit that after Graco acquired Gusmer from PMC Global, Inc. in 2005, Graco's market share of the market for the sale of FSE in North America was greater than 65%.

4.     Admit that as of March 2008, Graco's market share of the market for the sale of FSE in North America was greater than 90%.

5.     Admit that, on or around October 24, 2007, Graco sent a letter to DISTRIBUTORS that stated in part: "Should a distributor add a competitive product line, it will result in an immediate review of our business relationship and may impact access to specific products, changes in addendum status or possible elimination of our distributor agreement."

6.     Admit that in or around January 2009, Graco had a MEETING with FoamPak, Inc. regarding its distributorship.

5

7.     Admit that during the January 2009 MEETING with FoamPak, Inc., Graco discussed whether Foampak, Inc. would distribute FSE manufactured by PMC GLOBAL, PMC, PLIC or GAMA/PMC.

8.     Admit that, at a meeting with Foampak, Inc. in or around January 2009, Graco made the following statement or words to that effect: " [I]f you do take on the Gama line, you will immediately lose your . . . discounts and then receive a letter notifying you of 60-day termination of your Graco distributorship. . . .  There will be NO combined Graco and Gama distributorships, EVER."

9.     Admit that, on or around February 8, 2012, Graco sent a letter to DISTRIBUTORS informing them that they could not distribute GAMA/PMC FSE and remain in compliance with their DISTRIBUTOR agreements with Graco.

10.     Admit that DISTRIBUTORS on their own and among themselves agreed not to carry competitive FSE, including products sold by GAMA/PMC.

11.     Admit that between 2007 and 2012, YOU raised the PRICES of FSE in North America each year.

12.     Admit between 2007 and 2012 YOUR DISTRIBUTORS increased their PRICES to their customers following YOUR increase in PRICES to YOUR DISTRIBUTORS.

13.     Admit that Graco threatened to cancel contracts with DISTRIBUTOR(S) if the DISTRIBUTOR carried competitive FSE, INCLUDING that sold by PMC

GLOBAL, PMC, PLIC, GAMA/PMC or GARRAF.

14.     Admit that between 2007 and 2012, YOUR gross profit margins were above 40% for FSE sold in North America.

15.     Admit that between 2007 and 2012, YOUR gross profit margins were above 50% for FSE sold in North America.

16.     Admit that between 2007 and 2012, YOUR gross profit margins were above 60% for FSE sold in North America.

17.     Admit that between 2007 and 2012 YOU did not lose market share in the FSE market in North America.

18.     Admit that FSE is not insulation.

19.     Admit that spray foam insulation installed with FSE is materially more efficient at retaining temperatures in buildings than is fiberglass insulation.

DM1\3938479.2

Respectfully submitted,

s/ Christopher A. Nedeau
Christopher Nedeau (*Pro Hac Vice pending*)
Veronica L. Harris (*Pro Hac Vice pending*)
Natasha Saggar Sheth (*Pro Hac Vice pending*)
Catherine F. Ngo (*Pro Hac Vice pending*)
NOSSAMAN LLP
50 California Street
San Francisco, CA  94111
Telephone: (415) 398-3600
Facsimile: (415) 398-2438
CNedeau@nossaman.com
VHarris@nossaman.com

s/ Lawrence H. Pockers
Wayne A. Mack (*Pro Hac Vice pending*)
Lawrence H. Pockers (PA ID 84589)
Robert M. Palumbos (*Pro Hac Vice pending*)
Andrew R. Sperl (*Pro Hac Vice pending*)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1152
Facsimile: (215) 689-3595
WAMack@duanemorris.com
LHPockers@duanemorris.com

*Counsel for Plaintiff Insulate SB, Inc.*

June __, 2013

8

# Exhibit "B"

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| INSULATE SB, INC., a California Corporation, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>ABRASIVE PRODUCTS & EQUIPMENT, et al.,<br><br>       Defendants. | Civil Action No. 1:13-cv-01609-YK (Chief Judge Yvette Kane)<br><br>ORAL ARGUMENT REQUESTED |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS TO**
**DISTRIBUTOR DEFENDANTS**

   Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff, Insulate SB, Inc., requests that Defendants Jack De Mita; Abrasive Products & Equipment; Advanced Finishing Systems, Inc.; Air Power, Inc.; Airtech Spray Systems; Barnhardt Manufacturing Company; C.H.  Reed, Inc.; C.J.  Spray Inc.; Carolina Equipment & Supply Co.  Inc.; Clemtex, Inc.; Coast Industrial Systems, Inc.; Coatings Holdings, Ltd.; Corrosion Specialties, Inc.; Demilec, LLC; Dove Equipment Co., Inc; Endisys Fluid Delivery Systems; F&S Equipment And Supplies, Inc.; Golden State Paint Corporation; Hydraflow Equipment Co.; Intech Equipment & Supply, LLC; Marco Group Internationa, Inc.; MCC Equipment & Service Center; NCFI  Polyurethanes; Midway Industrial Supply; The Paint

Project; Specialty Products, Inc.; Spray Foam Nation; Spray Foam Systems, LLC; Spray Pump, Inc.; Spray-Quip, Inc.; Ultimate Linings, Ltd.; Urethane Supply Company, respond to the following Requests For Admissions.

## INSTRUCTIONS

1.      Plaintiff has filed a Motion for Expedited Discovery.  Responses to these Requests shall be provided to Plaintiff in the manner and in the time frame as set forth in the Court's Order regarding the Motion for Expedited Discovery.

2.      As is more fully set out in Rule 36(a), the Defendant must admit or deny each Request, and, where necessary, specify the parts of each request to which it objects or cannot in good faith admit or deny. If the Defendant objects to only part of a Request, it must admit or deny the remainder of the Request. In the event that Defendant objects to or denies any Request or portion of a Request, the Defendant must state the reason for its objection or denial.

3.      These Requests shall be deemed continuing and supplemental answers shall be required if you directly or indirectly obtain further information after your initial response as provided by Federal Rules of Civil Procedure, Rule 26(e).

4.      Each Request solicits all information obtainable by Defendant from Defendant's attorney's, investigators, agents, employees and representatives. If you answer a Request on the basis that you lack sufficient information to respond, describe any and all efforts you made to inform yourself of the facts and circumstances necessary to answer or respond.

2

## **DEFINITIONS**

The following definitions apply to the document requests listed below:

1.      "You" or "Your" refers to each individual Defendant responding to these Requests, all its divisions, departments, subsidiaries, branches, affiliates, predecessors in interest, successors in interest, present and former officers, directors, managers, employees agents, and representatives.

2.      "Distributor" refers to any entity that purchases FSE from manufacturers of FSE, INCLUDING but not limited to GRACO and/or GAMA/PMC, and then sells, supplies or distributes FSE to other entities, INCLUDING, but not limited to, the distributors named as Defendants in this action.

3.      "Contractor" refers to any entity that purchases FSE, typically from DISTRIBUTORS, for end use (i.e., the installation of foam insulation) and not for resale.

4.      "FSE" refers to fast-set spray foam equipment, a high-pressure, two-component equipment, which is primarily used by Contractors to apply fast-set spray polyurethane foam, polyurea coatings, and certain epoxies.

5.      "PMC Global" refers to PMC Global, Inc., the parent company of PMC, Inc.

6.      "PMC" refers to PMC, Inc., a subsidiary of PMC Global.

3

7.     "PLIC" refers to PMC Leaders in Chemicals, a subsidiary of PMC Global.

8.     "Gama/PMC" refers to Polyurethane Machinery Corporation (f/k/a Gama Machinery USA, Inc.), a subsidiary of PMC Global and/or PMC.

9.     "Garraf" refers to Garraf Maquinaria S.A.

10.     Any reference to a specifically named person, corporation, or other entity and any reference generally to "person" shall include the employees, agents, representatives and other persons acting on behalf thereof or through whom the referenced person acts.  The term "person" means and includes natural persons, corporations, partnerships, joint ventures, sole proprietorships, associations, trust, estates, firms and any other entity.

11.     "Communication" and "communications" means the written, electronic or oral transmittal of information (in the form of facts, ideas, inquiries or otherwise).

12.     "Document" and "documents" are used in the broadest sense permitted by Rule 34(a) of the Federal Rules of Civil Procedure and include, but are not limited to, any writings, drawings, graphs, charts, photographs, phonograph records, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, internal or external websites, compact discs, computer files and disks, and electronically stored information.

13.     "Including" is used to emphasize certain types of documents

DM1\3938491.1

requested and should not be construed as limiting the request in any way.

14.     The word "or" is used herein in its inclusive sense unless the context clearly requires otherwise.

15.     "Meeting" or "meetings" refer to, without limitation, any assembly, convocation, encounter, or contemporaneous presence (whether in person or via any electronic, computer assisted, digital, analog, or telephonic method of communication) of two or more persons.

16.     The terms "price," "prices" or "pricing" mean any actual, proposed, suggested or recommended price, as well as price increases or decreases, price quotations, price lists, price announcements, discounts, rebates, and any changes or proposed changes in the above.

17.     The terms "relating to," "reflecting," and "concerning" unless otherwise indicated mean including, summarizing, demonstrating, constituting, containing, studying, analyzing, considering, explaining, mentioning, showing, discussing, describing, commenting upon, resulting from, prepared for or used in connection with.

## <u>REQUESTS FOR ADMISSIONS</u>

1.     Admit that the market for FSE is a separate relevant product market.

2.     Admit that North America is a separate and distinct geographical market for the sale of FSE.

3.     Admit that YOU purchase FSE from Graco.

4.     Admit that YOU agreed not to carry FSE manufactured by anyone other than Graco.

5.     Admit that Graco communicated with YOU about carrying FSE manufactured by any companies other than Graco, INCLUDING, but not limited to, GAMA/PMC.

6.     Admit that YOU communicated with other distributors RELATING TO not carrying FSE manufactured by companies other than Graco, INCLUDING, but not limited to, GAMA/PMC.

7.     Admit that YOU agreed with Graco that YOU would have control of a certain geographic area for the distribution of Graco FSE.

8.     Admit that YOU are aware that DISTRIBUTORS by themselves and with Graco agreed to exclude competitive FSE from the FSE distribution channel and that you acted in conformity with that agreement.

9.     Admit that you believe that Graco had monopoly power in the FSE market between 2007 and 2012.

10.     Admit that between 2007 and 2012, when Graco increased its prices, YOU increased YOUR prices to YOUR customers.

11.     Admit that between 2007 and 2012, when Graco increased its prices, YOU did not increase YOUR prices to YOUR customers.

12.     COMMUNICATIONS with other DISTRIBUTORS RELATING TO or CONCERNING not carrying FSE manufactured by companies other than

DM1\3938491.1

Graco, INCLUDING but not limited PMC GLOBAL, PMC, PLIC, GAMA/PMC, or GARRAF during industry gatherings, INCLUDING but not limited to, the SprayFoam Convention and Expo.

13.     Admit that YOU received a letter from Graco, dated October 24, 2007, a true and correct copy of which, is attached hereto as Exhibit A.

14.     Admit that, on or around February 8, 2012, YOU received a letter from Graco, CONCERNING FSE manufacturers, INCLUDING PMC GLOBAL, PMC, PLIC, or GAMA/PMC.

Respectfully submitted,

s/ Christopher A. Nedeau
Christopher Nedeau (*Pro Hac Vice pending*)
Veronica L. Harris (*Pro Hac Vice pending*)
Natasha Saggar Sheth (*Pro Hac Vice pending*)
Catherine F. Ngo (*Pro Hac Vice pending*)
NOSSAMAN LLP
50 California Street
San Francisco, CA  94111
Telephone: (415) 398-3600
Facsimile: (415) 398-2438
CNedeau@nossaman.com
VHarris@nossaman.com

s/ Lawrence H. Pockers
Wayne A. Mack (*Pro Hac Vice pending*)
Lawrence H. Pockers (PA ID 84589)
Robert M. Palumbos (*Pro Hac Vice pending*)
Andrew R. Sperl (*Pro Hac Vice pending*)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1152
Facsimile: (215) 689-3595
WAMack@duanemorris.com
LHPockers@duanemorris.com

Counsel for Plaintiff Insulate SB, Inc.

June __, 2013

8

# Exhibit "C"

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

INSULATE SB, INC., a California
Corporation, individually and on behalf
of all others similarly situated,

       Plaintiff,

v.

ABRASIVE PRODUCTS &
EQUIPMENT, et al.,

      Defendants.

Civil Action No. 1:13-cv-01609-YK
(Chief Judge Yvette Kane)

ORAL ARGUMENT REQUESTED

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
### DEFENDANT GRACO

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff,

Insulate SB, Inc., requests that Defendants Graco, Inc. and Graco Minnesota, Inc.

(collectively, "Graco") respond, in writing and under oath, to the interrogatories

below.

### <u>INSTRUCTIONS</u>

1.  Plaintiff has filed a Motion for Expedited Discovery.  Responses to

these interrogatories shall be provided to Plaintiff in the manner and in the time

frame as set forth in the Court's Order regarding the Motion for Expedited

Discovery.

2.  Please respond to each interrogatory separately by setting forth the

request followed by your response to the request.

3.      Each interrogatory shall be construed independently, and no interrogatory shall be viewed as limiting the scope of any other interrogatory.

4.      If any claim is made that the information requested in these interrogatories is privileged or constitutes attorney work product such that you will not respond to the interrogatory, please provide a written statement describing the factual basis of the purported privilege or claim of work product in sufficient detail to permit the hearing officer to adjudicate the validity of the claim.

5.      The obligation to respond to these requests for admissions is continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.  If at any time after responding to these requests for admissions you discover additional information that will make your responses to these requests for admissions more complete or correct, supplement or correct your responses as soon as reasonably possible.

## **DEFINITIONS**

The following definitions apply to the document requests listed below:

1.      The term "Graco" refers to Graco Inc. and/or Graco Minnesota, Inc., all its divisions, departments, subsidiaries, branches, affiliates, predecessors in interest, successors in interest, present and former officers, directors, managers, employees agents, and representatives.

2.      "Complaint" refers to the Class Action Complaint for Injunctive

DM1\3938527.1

Relief and Damages, filed by Insulate SB, Inc., on June 14, 2013.

3.    "Distributor" refers to any entity that purchases FSE from manufacturers of FSE, INCLUDING but not limited to GRACO and/or GAMA/PMC, and then sells, supplies or distributes FSE to other entities, INCLUDING, but not limited to, the distributors named as Defendants in this action.

4.    "Contractor" refers to any entity that purchases FSE, typically from DISTRIBUTORS, for end use (i.e., the installation of foam insulation) and not for resale.

5.    "FSE" refers to fast-set spray foam equipment, a high-pressure, two-component equipment, which is primarily used by Contractors to apply fast-set spray polyurethane foam, polyurea coatings, and certain epoxies.

6.    "PMC Global" refers to PMC Global, Inc., the parent company of PMC, Inc.

7.    "PMC" refers to PMC, Inc., a subsidiary of PMC Global.

8.    "PLIC" refers to PMC Leaders in Chemicals, a subsidiary of PMC Global.

9.    "Gama/PMC" refers to Polyurethane Machinery Corporation (f/k/a Gama Machinery USA, Inc.), a subsidiary of PMC Global and/or PMC.

10.    "Garraf" refers to Garraf Maquinaria S.A.

11.    Any reference to a specifically named person, corporation, or other

3

entity and any reference generally to "person" shall include the employees, agents, representatives and other persons acting on behalf thereof or through whom the referenced person acts.  The term "person" means and includes natural persons, corporations, partnerships, joint ventures, sole proprietorships, associations, trust, estates, firms and any other entity.

12.    "Gama/PMC litigation" refers to the litigation initiated by GRACO, in the United States District Court, District of New Jersey, *Graco Inc., et al. v. PMC Global, Inc., et al.*, Case No. 3:08-cv-01304-PGS-DEA (D.N.J.).

13.    "Communication" and "communications" means the written, electronic or oral transmittal of information (in the form of facts, ideas, inquiries or otherwise).

14.    "Document" and "documents" are used in the broadest sense permitted by Rule 34(a) of the Federal Rules of Civil Procedure and include, but are not limited to, any writings, drawings, graphs, charts, photographs, phonograph records, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, internal or external websites, compact discs, computer files and disks, and electronically stored information.

15.    "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

16.    "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

4

17.     The word "or" is used herein in its inclusive sense unless the context clearly requires otherwise.

18.     "Meeting" or "meetings" refer to, without limitation, any assembly, convocation, encounter, or contemporaneous presence (whether in person or via any electronic, computer assisted, digital, analog, or telephonic method of communication) of two or more persons.

19.     The terms "price," "prices" or "pricing" mean any actual, proposed, suggested or recommended price, as well as price increases or decreases, price quotations, price lists, price announcements, discounts, rebates, and any changes or proposed changes in the above.

20.     The terms "relating to," "reflecting," and "concerning" unless otherwise indicated mean including, summarizing, demonstrating, constituting, containing, studying, analyzing, considering, explaining, mentioning, showing, discussing, describing, commenting upon, resulting from, prepared for or used in connection with.

## **INTERROGATORIES**

1.     Identify all DISTRIBUTORS of YOUR FSE from 2005 to the present.

2.     Identify the geographic boundaries, if any, of each DISTRIBUTOR identified in Interrogatory No. 1.

3.     Describe for each year, between 2002 and the present, YOUR market

share in the North American FSE market.

4.      State by year, between 2005 and the present, YOUR aggregate amount of sales of FSE in North America.

5.      State by year, between 2005 and the present, the amount of sales to each DISTRIBUTOR identified in Interrogatory No. 1.

6.      To the extent YOU have been provided with this information, state by year, between 2005 and the present, the amount of sales by each DISTRIBUTOR identified in Interrogatory No. 1.

7.      Identify all PERSONS who have purchased Graco FSE equipment in North America between 2005 and the present.

8.      State by year, between 2005 and the present, YOUR aggregate profits and losses associated with sales of FSE in North America.

9.      If your response to any request for admission in Plaintiff's First Set of Requests for Admission to Defendants served with these Interrogatories is not an unqualified admission:

       a.      State the number of the request;

       b.      State all facts upon which you based your response;

       c.      Identify each person who has knowledge of those facts; and

       d.      Identify all documents that support your response.

Respectfully submitted,

s/ Christopher A. Nedeau
Christopher Nedeau (*Pro Hac Vice pending*)
Veronica L. Harris (*Pro Hac Vice pending*)
Natasha Saggar Sheth (*Pro Hac Vice pending*)
Catherine F. Ngo (*Pro Hac Vice pending*)
NOSSAMAN LLP
50 California Street
San Francisco, CA  94111
Telephone: (415) 398-3600
Facsimile: (415) 398-2438
CNedeau@nossaman.com
VHarris@nossaman.com

s/ Lawrence H. Pockers
Wayne A. Mack (*Pro Hac Vice pending*)
Lawrence H. Pockers (PA ID 84589)
Robert M. Palumbos (*Pro Hac Vice pending*)
Andrew R. Sperl (*Pro Hac Vice pending*)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1152
Facsimile: (215) 689-3595
WAMack@duanemorris.com
LHPockers@duanemorris.com

Counsel for Plaintiff Insulate SB, Inc.

June __, 2013

DM1\3938527.1

# Exhibit "D"

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

INSULATE SB, INC., a California
Corporation, individually and on behalf
of all others similarly situated,

                              Plaintiff,

v.

ABRASIVE PRODUCTS &
EQUIPMENT, et al.,

                              Defendants.

Civil Action No. 1:13-cv-01609-YK
(Chief Judge Yvette Kane)

ORAL ARGUMENT REQUESTED

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
## DISTRIBUTOR DEFENDANTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff,

Insulate SB, Inc., requests that Defendants Jack De Mita; Abrasive Products &

Equipment; Advanced Finishing Systems, Inc.; Air Power, Inc.; Airtech Spray

Systems; Barnhardt Manufacturing Company; Reed, Inc.; C.J. Spray Inc.;

Carolina Equipment & Supply Co. Inc.; Clemtex, Inc.; Coast Industrial Systems,

Inc.; Coatings Holdings, Ltd.; Corrosion Specialties, Inc.; Demilec, LLC; Dove

Equipment Co., Inc; Endisys Fluid Delivery Systems; F&S Equipment And

Supplies, Inc.; Golden State Paint Corporation; Hydraflow Equipment Co.; Intech

Equipment & Supply, LLC; Marco Group International, Inc.; MCC Equipment &

Service Center; NCFI Polyurethanes; Midway Industrial Supply; The Paint

Project; Specialty Products, Inc.; Spray Foam Nation; Spray Foam Systems, LLC;

Spray Pump, Inc.; Spray-Quip, Inc.; Ultimate Linings, Ltd.; Urethane Supply

Company, respond, in writing and under oath, to the interrogatories below.

## **INSTRUCTIONS**

1.      Plaintiff has filed a Motion for Expedited Discovery.  Responses to

these interrogatories shall be provided to Plaintiff in the manner and in the time

frame as set forth in the Court's Order regarding the Motion for Expedited

Discovery.

2.      Please respond to each interrogatory separately by setting forth the

request followed by your response to the request.

3.      Each interrogatory shall be construed independently, and no

interrogatory shall be viewed as limiting the scope of any other interrogatory.

4.      If any claim is made that the information requested in these

interrogatories is privileged or constitutes attorney work product such that you will

not respond to the interrogatory, please provide a written statement describing the

factual basis of the purported privilege or claim of work product in sufficient detail

to permit the hearing officer to adjudicate the validity of the claim.

5.      The obligation to respond to these requests for admissions is

continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.  If at

any time after responding to these requests for admissions you discover additional

information that will make your responses to these requests for admissions more

2

complete or correct, supplement or correct your responses as soon as reasonably possible.

## DEFINITIONS

The following definitions apply to the document requests listed below:

1.      "You" or "Your" refers to each individual Defendant responding to these Requests, all its divisions, departments, subsidiaries, branches, affiliates, predecessors in interest, successors in interest, present and former officers, directors, managers, employees agents, and representatives.

2.      "Complaint" refers to the Class Action Complaint for Injunctive Relief and Damages, filed by Insulate SB, Inc., on June 14, 2013.

3.      "Distributor" refers to any entity that purchases FSE from manufacturers of FSE, INCLUDING but not limited to GRACO and/or GAMA/PMC, and then sells, supplies or distributes FSE to other entities, INCLUDING, but not limited to, the distributors named as Defendants in this action.

4.      "Contractor" refers to any entity that purchases FSE, typically from DISTRIBUTORS, for end use (i.e., the installation of foam insulation) and not for resale.

5.      "FSE" refers to fast-set spray foam equipment, a high-pressure, two-component equipment, which is primarily used by Contractors to apply fast-set spray polyurethane foam, polyurea coatings, and certain epoxies.

3

6.      "PMC Global" refers to PMC Global, Inc., the parent company of PMC, Inc.

7.      "PMC" refers to PMC, Inc., a subsidiary of PMC Global.

8.      "PLIC" refers to PMC Leaders in Chemicals, a subsidiary of PMC Global.

9.      "Gama/PMC" refers to Polyurethane Machinery Corporation (f/k/a Gama Machinery USA, Inc.), a subsidiary of PMC Global and/or PMC.

10.      "Garraf" refers to Garraf Maquinaria S.A.

11.      Any reference to a specifically named person, corporation, or other entity and any reference generally to "person" shall include the employees, agents, representatives and other persons acting on behalf thereof or through whom the referenced person acts.  The term "person" means and includes natural persons, corporations, partnerships, joint ventures, sole proprietorships, associations, trust, estates, firms and any other entity.

12.      "Gama/PMC litigation" refers to the litigation initiated by GRACO, in the United States District Court, District of New Jersey, *Graco Inc., et al. v. PMC Global, Inc., et al.*, Case No. 3:08-cv-01304-PGS-DEA (D.N.J.).

13.      "Communication" and "communications" means the written, electronic or oral transmittal of information (in the form of facts, ideas, inquiries or otherwise).

14.      "Document" and "documents" are used in the broadest sense

permitted by Rule 34(a) of the Federal Rules of Civil Procedure and include, but are not limited to, any writings, drawings, graphs, charts, photographs, phonograph records, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, internal or external websites, compact discs, computer files and disks, and electronically stored information.

15.    "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

16.    The word "or" is used herein in its inclusive sense unless the context clearly requires otherwise.

17.    "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

18.    "Meeting" or "meetings" refer to, without limitation, any assembly, convocation, encounter, or contemporaneous presence (whether in person or via any electronic, computer assisted, digital, analog, or telephonic method of communication) of two or more persons.

19.    The terms "price," "prices" or "pricing" mean any actual, proposed, suggested or recommended price, as well as price increases or decreases, price quotations, price lists, price announcements, discounts, rebates, and any changes or proposed changes in the above.

20.    The terms "relating to," "reflecting," and "concerning" unless otherwise indicated mean including, summarizing, demonstrating, constituting,

DM1\3938511.1

containing, studying, analyzing, considering, explaining, mentioning, showing, discussing, describing, commenting upon, resulting from, prepared for or used in connection with.

## **INTERROGATORIES**

1.     Identify all manufacturers of FSE from which YOU purchased FSE from 2007 to the present.

2.     Describe for each year, between 2007 and the present, the percentage of FSE purchased from each manufacturer listed in response to Interrogatory No. 1.

3.     State by year, between 2007 and the present, YOUR aggregate amount of sales of FSE in North America.

4.     State by year, between 2007 and the present, the costs of YOUR purchases of FSE.

5.     State by year, between 2007 and the present, the costs of YOUR purchases of FSE from GRACO.

6.     State by year, between 2007 and the present, YOUR aggregate profits and losses associated with sales of FSE in North America.

7.     Identify any and all COMMUNICATIONS, between 2007 and the present, with other DISTRIBUTORS RELATING TO or CONCERNING carrying FSE from manufacturers other than GRACO, INCLUDING, but not limited to, PMC GLOBAL, PMC, PLIC, GAMA/PMC or GARRAT.

6

8.     Identify any and all COMMUNICATIONS, between 2007 and the present, from GRACO regarding other FSE manufacturers, INCLUDING, but not limited to, PMC GLOBAL, PMC, PLIC, GAMA/PMC or GARRAT.

9.     Identify any and all MEETINGS attended with other DISTRIBUTORS, between 2007 and the present, including industry and trade associations gatherings.

10.     If your response to any request for admission in Plaintiff's First Set of Requests for Admission to Defendants served with these Interrogatories is not an unqualified admission:

      a.     State the number of the request;

      b.     State all facts upon which you based your response;

      c.     Identify each person who has knowledge of those facts; and

      d.     Identify all documents that support your response.

7

Respectfully submitted,

s/ Christopher A. Nedeau
Christopher Nedeau (*Pro Hac Vice pending*)
Veronica L. Harris (*Pro Hac Vice pending*)
Natasha Saggar Sheth (*Pro Hac Vice pending*)
Catherine F. Ngo (*Pro Hac Vice pending*)
NOSSAMAN LLP
50 California Street
San Francisco, CA  94111
Telephone: (415) 398-3600
Facsimile: (415) 398-2438
CNedeau@nossaman.com
VHarris@nossaman.com

s/ Lawrence H. Pockers
Wayne A. Mack (*Pro Hac Vice pending*)
Lawrence H. Pockers (PA ID 84589)
Robert M. Palumbos (*Pro Hac Vice pending*)
Andrew R. Sperl (*Pro Hac Vice pending*)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1152
Facsimile: (215) 689-3595
WAMack@duanemorris.com
LHPockers@duanemorris.com

Counsel for Plaintiff Insulate SB, Inc.

June __, 2013

**Exhibit "E"**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

INSULATE SB, INC., a California
Corporation, individually and on behalf
of all others similarly situated,

                              Plaintiff,

v.

ABRASIVE PRODUCTS &
EQUIPMENT, et al.,

                              Defendants.

Civil Action No. 1:13-cv-01609-YK
(Chief Judge Yvette Kane)

ORAL ARGUMENT REQUESTED

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GRACO

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff,

Insulate SB, Inc., requests that Defendants Graco, Inc. and Graco Minnesota, Inc.

(collectively, "Graco") identify and produce the documents and items requested

below for inspection and copying.

## <u>INSTRUCTIONS</u>

1.      Plaintiff has filed a Motion for Expedited Discovery.  Responses to

these Requests, INCLUDING any responsive DOCUMENTS, shall be provided to

Plaintiff in the manner and in the time frame as set forth in the Court's Order

regarding the Motion for Expedited Discovery.

2.      Unless otherwise noted, each individual request covers the period,

from 2005 to the present.  These Requests seek all responsive DOCUMENTS created or generated during the period, as well as all responsive DOCUMENTS created or generated outside the period, but which contain information concerning the period.

3.      If Graco asserts that any DOCUMENT responsive to these Requests is protected from discovery by virtue of the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, doctrine, or ground, for any DOCUMENT withheld on such basis, pursuant to Fed. R. Civ. P. 26(b)(5), specify in a privilege log each DOCUMENT or portion thereof to which the objection is made and with respect to each DOCUMENT or portion thereof so specified, provide the following:

(a)     the source of the DOCUMENT;

(b)     the medium (e.g., electronic or paper) and length of the DOCUMENT;

(c)     the existence and identity of any attachments to the DOCUMENT;

(d)     the date of the DOCUMENT;

(e)     the subject matter of the DOCUMENT;

(f)     the nature (e.g., memorandum, letter, report, chart, etc.) of the DOCUMENT;

(g)     the author(s) and recipient(s) of the DOCUMENT,

INCLUDING any blind courtesy copy recipients;

      (h)    the number(s) of request(s) to which the DOCUMENT is responsive; and

      (i)    the exact basis, legal or otherwise, for YOUR claim that such DOCUMENT (or any portion thereof) need not be disclosed.

    4.    All DOCUMENTS that respond, in whole or in part, to any part of any request herein, should be produced in their entirety, in unredacted form, INCLUDING all attachments and enclosures, as they are kept in the ordinary course of business.  If any information specified in any request appears on any page of any DOCUMENTS, all pages of the DOCUMENTS should be produced in response to the request.  To the extent you redact any DOCUMENTS, covered by this discovery request, furnish a list specifying: (a) the DOCUMENTS and pages redacted; (b) the nature of the material redacted; and (c) the basis of the redaction. Redactions should be plainly and clearly noted on the face of the redacted DOCUMENTS where such redaction is made.

    5.    If GRACO is aware of any DOCUMENT responsive to these Requests that is no longer in GRACO's possession, custody, or control, or which was in existence, but is no longer in existence, state precisely what disposition was made of it, when such disposition took place, and Identify the PERSON or PERSONS who ordered or authorized such disposition as well as who presently has possession, custody, or control of the DOCUMENT, if it still exists.

6.      For all databases used to track or maintain data REFLECTING sales, costs, or production of FSE, export the data within each database to a non-proprietary format (e.g., SQL, Access, Excel, or delimited text), ensuring that no functionality or content from the original database is lost.  In addition,

(a)      provide instructions to load the data;

(b)      clearly define all delimiters, fields, and/or tables for any exported data; and

(c)      provide a data dictionary, key or look-up table, and any other information necessary to explain to the data or variables.

## DEFINITIONS

The following definitions apply to the document requests listed below:

1.      The term "Graco" refers to Graco Inc. and/or Graco Minnesota, Inc., all its divisions, departments, subsidiaries, branches, affiliates, predecessors in interest, successors in interest, present and former officers, directors, managers, employees agents, and representatives.

2.      "Complaint" refers to the Class Action Complaint for Injunctive Relief and Damages, filed by Insulate SB, Inc., on June 14, 2013.

3.      "Distributor" refers to any entity that purchases FSE from manufacturers of FSE, INCLUDING but not limited to GRACO and/or GAMA/PMC, and then sells, supplies or distributes FSE to other entities, INCLUDING, but not limited to, the distributors named as Defendants in this

4

action.

4.      "Contractor" refers to any entity that purchases FSE, typically from DISTRIBUTORS, for end use (i.e., the installation of foam insulation) and not for resale.

5.      "FSE" refers to fast-set spray foam equipment, a high-pressure, two-component equipment, which is primarily used by Contractors to apply fast-set spray polyurethane foam, polyurea coatings, and certain epoxies.

6.      "PMC Global" refers to PMC Global, Inc., the parent company of PMC, Inc.

7.      "PMC" refers to PMC, Inc., a subsidiary of PMC Global.

8.      "PLIC" refers to PMC Leaders in Chemicals, a subsidiary of PMC Global.

9.      "Gama/PMC" refers to Polyurethane Machinery Corporation (f/k/a Gama Machinery USA, Inc.), a subsidiary of PMC Global and/or PMC.

10.      "Garraf" refers to Garraf Maquinaria S.A.

11.      Any reference to a specifically named person, corporation, or other entity and any reference generally to "person" shall include the employees, agents, representatives and other persons acting on behalf thereof or through whom the referenced person acts.  The term "person" means and includes natural persons, corporations, partnerships, joint ventures, sole proprietorships, associations, trust, estates, firms and any other entity.

DM1\3938538.1

12.     "Gama/PMC litigation" refers to the litigation initiated by GRACO, in the United States District Court, District of New Jersey, *Graco Inc., et al. v. PMC Global, Inc., et al.*, Case No. 3:08-cv-01304-PGS-DEA (D.N.J.).

13.     "Communication" and "communications" means the written, electronic or oral transmittal of information (in the form of facts, ideas, inquiries or otherwise).

14.     "Document" and "documents" are used in the broadest sense permitted by Rule 34(a) of the Federal Rules of Civil Procedure and include, but are not limited to, any writings, drawings, graphs, charts, photographs, phonograph records, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, internal or external websites, compact discs, computer files and disks, and electronically stored information.

15.     "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

16.     The word "or" is used herein in its inclusive sense unless the context clearly requires otherwise.

17.     "Meeting" or "meetings" refer to, without limitation, any assembly, convocation, encounter, or contemporaneous presence (whether in person or via any electronic, computer assisted, digital, analog, or telephonic method of communication) of two or more persons.

18.     The terms "price," "prices" or "pricing" mean any actual, proposed,

DM1\3938538.1

suggested or recommended price, as well as price increases or decreases, price quotations, price lists, price announcements, discounts, rebates, and any changes or proposed changes in the above.

19.     The terms "relating to," "reflecting," and "concerning" unless otherwise indicated mean including, summarizing, demonstrating, constituting, containing, studying, analyzing, considering, explaining, mentioning, showing, discussing, describing, commenting upon, resulting from, prepared for or used in connection with.

## REQUESTS FOR PRODUCTION

1.     All DOCUMENTS filed in the GAMA/PMC LITIGATION in both their redacted and undedacted forms.

2.     All DOCUMENTS in their redacted and unredacted forms obtained or produced by GRACO in the GAMA/PMC LITIGATION, RELATING TO the antitrust counterclaims asserted against GRACO or GRACO's defenses thereto.

3.     All DOCUMENTS provided or produced by GRACO to the FTC as part of its antitrust investigations into GRACO.

4.     All DOCUMENTS or COMMUNICATIONS RELATING TO how GRACO set the PRICES charged by GRACO for FSE, INCLUDING the factors considered by GRACO when setting the PRICE for FSE sold by GRACO, benchmarking of competitor PRICING and adjustments made as a result.

5.     All DOCUMENTS or COMMUNICATIONS RELATING TO or

CONCERNING any analysis or consideration of price points for FSE.

6.      All DOCUMENTS or COMMUNICATIONS RELATING TO the cost of FSE, INCLUDING manufacturing and component costs.

7.      All DOCUMENTS or COMMUNICATIONS RELATING TO GRACO's profit margins on sales of FSE from 2005 to the present.

8.      All DOCUMENTS or COMMUNICATIONS RELATING TO competitive conditions in the North American market for FSE, INCLUDING but not limited to: (a) information or communications regarding manufacturer or DISTRIBUTOR market shares; (b) barriers to entry; (c) analysis or trends in PRICING; (d) advertising an promotional activity related to FSE; (e) the cost of manufacturing FSE; (f) marketing studies related to the sale of FSE.

9.      All DOCUMENTS, INCLUDING analysis or reports RELATING TO or CONCERNING competition or competitor manufacturers in the North American FSE market.

10.     All DOCUMENTS or COMMUNICATIONS RELATING TO or CONCERNING the PRICES at which GRACO sells FSE to DISTRIBUTORS.

11.     All DOCUMENTS or COMMUNICATIONS RELATING TO or CONCERNING the PRICES at which DISTRIBUTORS sell FSE to their customers.

12.     All DOCUMENTS or COMMUNICATIONS RELATING TO or CONCERNING MEETINGS with DISTRIBUTORS regarding competition in the

8

market for FSE.

13.     Any and all COMMUNICATIONS between GRACO and

DISTRIBUTORS RELATING TO or CONCERNING PMC GLOBAL, PMC,

PLIC, GAMA/PMC, or GARRAF.

14.     Any and all DOCUMENTS or COMMUNICATIONS RELATING

TO or CONCERNING statements by or to Patrick McHale CONCERNING PMC

GLOBAL, PMC, PLIC, GAMA/PMC, or GARRAF, INCLUDING, but not limited

to, those that have been redacted from the public file in the GAMA/PMC

LITIGATION.

15.     Any and all COMMUNICATIONS by or to GRACO that reference

GRACO's market share for FSE.

16.     Any and all COMMUNICATIONS by or to GRACO that use the

word "monopoly", relating to the FSE market.

17.     Any and all COMMUNICATIONS by or to GRACO that use the

word "dominant", relating to the FSE market.

DM1\3938538.1

Respectfully submitted,

s/ Christopher A. Nedeau
Christopher Nedeau (*Pro Hac Vice pending*)
Veronica L. Harris (*Pro Hac Vice pending*)
Natasha Saggar Sheth (*Pro Hac Vice pending*)
Catherine F. Ngo (*Pro Hac Vice pending*)
NOSSAMAN LLP
50 California Street
San Francisco, CA  94111
Telephone: (415) 398-3600
Facsimile: (415) 398-2438
CNedeau@nossaman.com
VHarris@nossaman.com

s/ Lawrence H. Pockers
Wayne A. Mack (*Pro Hac Vice pending*)
Lawrence H. Pockers (PA ID 84589)
Robert M. Palumbos (*Pro Hac Vice pending*)
Andrew R. Sperl (*Pro Hac Vice pending*)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1152
Facsimile: (215) 689-3595
WAMack@duanemorris.com
LHPockers@duanemorris.com

Counsel for Plaintiff Insulate SB, Inc.

June __, 2013

10

Exhibit "F"

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

INSULATE SB, INC., a California
Corporation, individually and on behalf
of all others similarly situated,

                      Plaintiff,

v.

ABRASIVE PRODUCTS &
EQUIPMENT, et al.,

                      Defendants.

Civil Action No. 1:13-cv-01609-YK
(Chief Judge Yvette Kane)

ORAL ARGUMENT REQUESTED

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DISTRIBUTOR DEFENDANTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff,

Insulate SB, Inc., requests that Defendants Jack De Mita; Abrasive Products &

Equipment; Advanced Finishing Systems, Inc.; Air Power, Inc.; Airtech Spray

Systems; Barnhardt Manufacturing Company; C.H.  Reed, Inc.; C.J.  Spray Inc.;

Carolina Equipment & Supply Co. Inc.; Clemtex, Inc.; Coast Industrial Systems,

Inc.; Coatings Holdings, Ltd.; Corrosion Specialties, Inc.; Demilec, LLC; Dove

Equipment Co., Inc; Endisys Fluid Delivery Systems; F&S Equipment And

Supplies, Inc.; Golden State Paint Corporation; Hydraflow Equipment Co.; Intech

Equipment & Supply, LLC; Marco Group International, Inc.; MCC Equipment &

Service Center; NCFI  Polyurethanes; Midway Industrial Supply; The Paint

Project; Specialty Products, Inc.; Spray Foam Nation; Spray Foam Systems, LLC;

Spray Pump, Inc.; Spray-Quip, Inc.; Ultimate Linings, Ltd.; Urethane Supply

Company, identify and produce the documents and items requested below for

inspection and copying.

## INSTRUCTIONS

1.      Plaintiff has filed a Motion for Expedited Discovery.  Responses to

these Requests, INCLUDING any responsive DOCUMENTS, shall be provided to

Plaintiff in the manner and in the time frame as set forth in the Court's Order

regarding the Motion for Expedited Discovery.

2.      Unless otherwise noted, each individual request covers the period,

from 2005 to the present.  These Requests seek all responsive DOCUMENTS

created or generated during the period, as well as all responsive DOCUMENTS

created or generated outside the period, but which contain information concerning

the period.

3.      If YOU assert that any DOCUMENT responsive to these Requests is

protected from discovery by virtue of the attorney-client privilege, the attorney

work product doctrine, or any other applicable privilege, doctrine, or ground, for

any DOCUMENT withheld on such basis, pursuant to Fed. R. Civ. P. 26(b)(5),

specify in a privilege log each DOCUMENT or portion thereof to which the

objection is made and with respect to each DOCUMENT or portion thereof so

specified, provide the following:

(a)     the source of the DOCUMENT;

(b)     the medium (e.g., electronic or paper) and length of the DOCUMENT;

(c)     the existence and identity of any attachments to the DOCUMENT;

(d)     the date of the DOCUMENT;

(e)     the subject matter of the DOCUMENT;

(f)     the nature (e.g., memorandum, letter, report, chart, etc.) of the DOCUMENT;

(g)     the author(s) and recipient(s) of the DOCUMENT, INCLUDING any blind courtesy copy recipients;

(h)     the number(s) of request(s) to which the DOCUMENT is responsive; and

(i)     the exact basis, legal or otherwise, for YOUR claim that such DOCUMENT (or any portion thereof) need not be disclosed.

4.     All DOCUMENTS that respond, in whole or in part, to any part of any request herein, should be produced in their entirety, in unredacted form, INCLUDING all attachments and enclosures, as they are kept in the ordinary course of business.  If any information specified in any request appears on any page of any DOCUMENTS, all pages of the DOCUMENTS should be produced in response to the request.  To the extent you redact any DOCUMENTS, covered by

this discovery request, furnish a list specifying: (a) the DOCUMENTS and pages redacted; (b) the nature of the material redacted; and (c) the basis of the redaction. Redactions should be plainly and clearly noted on the face of the redacted DOCUMENTS where such redaction is made.

5.     If YOU are aware of any DOCUMENT responsive to these Requests that is no longer in YOUR possession, custody, or control, or which was in existence, but is no longer in existence, state precisely what disposition was made of it, when such disposition took place, and Identify the PERSON or PERSONS who ordered or authorized such disposition as well as who presently has possession, custody, or control of the DOCUMENT, if it still exists.

6.     For all databases used to track or maintain data REFLECTING sales, costs, or production of FSE, export the data within each database to a non-proprietary format (e.g., SQL, Access, Excel, or delimited text), ensuring that no functionality or content from the original database is lost.  In addition,

(a)     provide instructions to load the data;

(b)     clearly define all delimiters, fields, and/or tables for any exported data; and

(c)     provide a data dictionary, key or look-up table, and any other information necessary to explain to the data or variables.

## **DEFINITIONS**

The following definitions apply to the document requests listed below:

4

1.     "YOU" or "YOUR" refers to each individual defendant responding to the requests, all its divisions, departments, subsidiaries, branches, affiliates, predecessors in interest, successors in interest, present and former officers, directors, managers, employees agents, and representatives.

2.     "Complaint" refers to the Class Action Complaint for Injunctive Relief and Damages, filed by Insulate SB, Inc., on June 14, 2013.

3.     The term "Graco" refers to Graco Inc. and/or Graco Minnesota, Inc., all its divisions, departments, subsidiaries, branches, affiliates, predecessors in interest, successors in interest, present and former officers, directors, managers, employees agents, and representatives.

4.     "Distributor" refers to any entity that purchases FSE from manufacturers of FSE, INCLUDING but not limited to GRACO and/or GAMA/PMC, and then sells, supplies or distributes FSE to other entities, INCLUDING, but not limited to, the distributors named as Defendants in this action.

5.     "Contractor" refers to any entity that purchases FSE, typically from DISTRIBUTORS, for end use (i.e., the installation of foam insulation) and not for resale.

6.     "FSE" refers to fast-set spray foam equipment, a high-pressure, two-component equipment, which is primarily used by Contractors to apply fast-set spray polyurethane foam, polyurea coatings, and certain epoxies.

DM1\3938547.1

7.     "PMC Global" refers to PMC Global, Inc., the parent company of PMC, Inc.

8.     "PMC" refers to PMC, Inc., a subsidiary of PMC Global.

9.     "PLIC" refers to PMC Leaders in Chemicals, a subsidiary of PMC Global.

10.    "Gama/PMC" refers to Polyurethane Machinery Corporation (f/k/a Gama Machinery USA, Inc.), a subsidiary of PMC Global and/or PMC.

11.    "Garraf" refers to Garraf Maquinaria S.A.

12.    Any reference to a specifically named person, corporation, or other entity and any reference generally to "person" shall include the employees, agents, representatives and other persons acting on behalf thereof or through whom the referenced person acts.  The term "person" means and includes natural persons, corporations, partnerships, joint ventures, sole proprietorships, associations, trust, estates, firms and any other entity.

13.    "Gama/PMC litigation" refers to the litigation initiated by GRACO, in the United States District Court, District of New Jersey, *Graco Inc., et al. v. PMC Global, Inc., et al.*, Case No. 3:08-cv-01304-PGS-DEA (D.N.J.).

14.    "Communication" and "communications" means the written, electronic or oral transmittal of information (in the form of facts, ideas, inquiries or otherwise).

15.    "Document" and "documents" are used in the broadest sense

permitted by Rule 34(a) of the Federal Rules of Civil Procedure and include, but are not limited to, any writings, drawings, graphs, charts, photographs, phonograph records, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, internal or external websites, compact discs, computer files and disks, and electronically stored information.

16.     "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

17.     The word "or" is used herein in its inclusive sense unless the context clearly requires otherwise.

18.     "Meeting" or "meetings" refer to, without limitation, any assembly, convocation, encounter, or contemporaneous presence (whether in person or via any electronic, computer assisted, digital, analog, or telephonic method of communication) of two or more persons.

19.     The terms "price," "prices" or "pricing" mean any actual, proposed, suggested or recommended price, as well as price increases or decreases, price quotations, price lists, price announcements, discounts, rebates, and any changes or proposed changes in the above.

20.     The terms "relating to," "reflecting," and "concerning" unless otherwise indicated mean including, summarizing, demonstrating, constituting, containing, studying, analyzing, considering, explaining, mentioning, showing, discussing, describing, commenting upon, resulting from, prepared for or used in

7

connection with.

## REQUESTS FOR PRODUCTION

1.      Any and all COMMUNICATIONS with other DISTRIBUTORS of FSE CONCERNING PMC GLOBAL, PMC, PLIC, GAMA/PMC, GARRAF, GRACO, or any other FSE manufacturer.

2.      Any and all COMMUNICATIONS with GRACO CONCERNING GAMA/PMC or any other FSE manufacturer.

3.      All DOCUMENTS or COMMUNICATIONS RELATING TO the cost or PRICE of FSE purchased from FSE manufacturers, INCLUDING, but not limited to, GRACO.

4.      All DOCUMENTS RELATING TO or CONCERNING YOUR sales of FSE to YOUR customers.

5.      All DOCUMENTS and COMMUNICATIONS RELATING TO the factors considered by YOU in determining which brand of FSE to purchase.

6.      All DOCUMENTS RELATING TO competitive conditions in the market for FSE, INCLUDING, but not limited to: (a) information or COMMUNICATIONS regarding manufacturer or DISTRIBUTOR market shares; (b) barriers to entry; (c) analysis or trends in PRICING; (d) advertising an promotional activity related to FSE; (e) the cost of manufacturing FSE; (f) marketing studies related to the sale of FSE.

7.      All DOCUMENTS and COMMUNICATIONS RELATING TO

DM1\3938547.1

YOUR participation in MEETINGS with GRACO regarding competition in the FSE market.

8.     All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR participation in any MEETINGS with other DISTRIBUTORS regarding competition in the FSE market.

9.     All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR participation in any MEETINGS or gatherings of any trade association RELATING TO competition in the FSE market.

10.     All DOCUMENTS and COMMUNICATIONS to YOUR customers that reference PMC GLOBAL, PMC, PLIC, or GAMA/PMC.

11.     All DOCUMENTS and COMMUNICATIONS to YOUR customers RELATING TO competition in the FSE market.

12.     All DOCUMENTS and COMMUNICATIONS to YOUR customers that reference increased PRICES for FSE.

13.     All DOCUMENTS, INCLUDING customer lists, invoices, or spreadsheets RELATING TO or identifying YOUR FSE customers from 2005 through the present.

Respectfully submitted,

s/ Christopher A. Nedeau
Christopher Nedeau (*Pro Hac Vice pending*)
Veronica L. Harris (*Pro Hac Vice pending*)
Natasha Saggar Sheth (*Pro Hac Vice pending*)
Catherine F. Ngo (*Pro Hac Vice pending*)
NOSSAMAN LLP
50 California Street
San Francisco, CA  94111
Telephone: (415) 398-3600
Facsimile: (415) 398-2438
CNedeau@nossaman.com
VHarris@nossaman.com

s/ Lawrence H. Pockers
Wayne A. Mack (*Pro Hac Vice pending*)
Lawrence H. Pockers (PA ID 84589)
Robert M. Palumbos (*Pro Hac Vice pending*)
Andrew R. Sperl (*Pro Hac Vice pending*)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1152
Facsimile: (215) 689-3595
WAMack@duanemorris.com
LHPockers@duanemorris.com

Counsel for Plaintiff Insulate SB, Inc.

June __, 2013