# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INSULATE SB, INC., a California Corporation, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>ABRASIVE PRODUCTS & EQUIPMENT, et al.,<br><br>      Defendants. | Civil Action No. 1:13-cv-01609-YK<br>(Chief Judge Yvette Kane)<br><br>Filed Electronically<br><br>ORAL ARGUMENT REQUESTED |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY AND MOTION TO SHORTEN TIME**

  Plaintiff Insulate SB, Inc. ("Plaintiff" or "Insulate SB") seeks an order, permitting immediate discovery against Defendants, narrowly tailored to aid Plaintiff in supporting (1) its concurrently filed motion for preliminary injunction; and (2) its impending motion for class certification.

  The information sought is necessary because Insulate SB must show a probability of success on the merits to support its motion for preliminary injunction and must satisfy the standard recently established by the United States Supreme Court regarding class certification of antitrust cases. Graco will not be prejudiced because the information sought from this defendant has already been assembled as part of an action brought by one of its competitors, which Graco recently settled

(the "Gama/PMC litigation"), and as part of an investigation by the Federal Trade Commission (FTC) into Graco's anticompetitive conduct.  In that regard, this Motion would not have been necessary, but for the fact that Graco managed to have virtually all of the evidence against it sealed.  Counsel's review of documents filed in the Gama/PMC litigation and by the FTC indicates that there is evidence sufficient to obtain a preliminary injunction and certify a class.

The information that this Motion seeks from the distributor defendants is tailored to obtain necessary information, such as key facts regarding participation in the conspiracy, including emails to or from Graco or other distributors discussing the boycott of new entrants to the market.

## **PROCEDURAL HISTORY**

Insulate SB filed a class action Complaint against Defendants on June 14, 2013, for violations of the Sherman Act, the Clayton Act, as well as various states' antitrust and unfair competition laws.  (Complaint, Docket No. 1.)  Concurrently with this Motion, Plaintiff also moves for a preliminary injunction to enjoin the ongoing and continuous illegal acts of Defendants, which are causing irreparable injury to Plaintiff.  Plaintiff intends to promptly move for class certification as required by Local Rule 23.3.  Accordingly, Plaintiff now moves for expedited discovery to obtain information necessary for the preliminary injunction hearing and class certification.

## STATEMENT OF FACTS

Several years ago, an antitrust action was filed by one of Graco's competitors, Gama/PMC, alleging that Graco had monopolized the market for fast-set spray foam equipment ("FSE"), which is used typically by contractors, primarily for the installation of spray foam insulation. (*In the Matter of Graco, Inc.*, FTC Complaint, Docket No. C-4399, ¶ 3, 10 (Apr. 17, 2013).) This lawsuit alleged that Graco had foreclosed Gama/PMC from meaningfully competing in the FSE market by blocking its access to the distributors of FSE, who provide the only realistic means to sell such equipment to insulation contractors. (*Id.*)

After that action was filed, the FTC began a concurrent investigation, *In the Matter of Graco, Inc.*, into Graco's alleged anticompetitive conduct. The FTC found that Graco abused its monopoly power by using its relationships with FSE distributors to block competitors from competing in the FSE market. (*Id.*, ¶ 34.)

The allegations in the class action Complaint in this case envelop the antitrust allegations made in the Gama/PMC litigation, but are broadened to include allegations against distributor defendants, who conspired among themselves and with Graco to block competition in the FSE market.

## STATEMENT OF QUESTIONS INVOLVED

Can Insulate SB obtain, on an expedited basis, information already gathered by Graco in the Gama/PMC litigation, such as the sealed case file, and information already provided to the FTC?

Can Insulate SB obtain, on an expedited basis, limited information from Graco and distributors about their involvement in the conspiracy and sales to contractors during the class period?

Should Graco be ordered to permit Insulate SB's experts to access and use information already provided to them in the Gama/PMC litigation?

## ARGUMENT

I. **THE STANDARD FOR GRANTING EXPEDITED DISCOVERY IS "GOOD CAUSE."**

Federal Rule of Civil Procedure 26(d)(1) allows a party to seek discovery before the parties have conferred when authorized by a court order. The Federal Rules grant the trial judge broad discretion to determine the scope, manner, and timing of discovery in accordance with the needs of the case and to alter the timing and order of discovery. *See, e.g.*, *Canal St. Films v. Does 1-22*, 1:13-CV-0999, 2013 WL 1775063, at *2 (M.D. Pa. Apr. 25, 2013); Fed. R. Civ. P. 16(b)(3)(B); 16(c)(2)(F); 26(d) advisory committee notes (1993) ("Discovery can begin earlier if authorized . . . by local rule, order, or stipulation. This will be appropriate in some cases, such as those involving requests for a preliminary injunction . . . .").

Third Circuit courts generally apply a "good cause" standard when considering whether to grant a motion for expedited discovery. *Canal St. Films*, 2013 WL 1775063 at *2 (applying a "good cause"/reasonableness standard to expedited discovery requests); *Leone v. Towanda Borough*, CIV.A. 3:12-0429, 2012 WL 1123958, at *2 (M.D. Pa. Apr. 4, 2012) (same); *Kone Corp. v.*

*ThyssenKrupp USA, Inc.*, Civ.A. 11-465, 2011 WL 4478477, at *6 (D. Del. Sept. 26, 2011) (same); *Entm't Tech. Corp. v. Walt Disney Imagineering,* No. 03–3546, 2003 WL 22519440, at *4 (E.D. Pa. Oct. 2, 2003) (same).

Under the "good cause" standard, a party seeking discovery must show that the request is "reasonable" in light of the circumstances. *Kone*, 2011 WL 4478477, at *4. "Good cause is usually found where the plaintiff's need for expedited discovery, in consideration of the administration of justice, outweighs the possible prejudice or hardship to the defendant." *Fonovisa, Inc. v. Does 1– 9,* No. 07–1515, 2008 WL 919701, at *10 n. 22 (W.D. Pa. Apr. 3, 2008); *see also Leone*, 2012 WL 1123958, at *2. In evaluating whether to order expedited discovery, courts consider the following factors: (a) the timing and context of the discovery requests; (b) the scope and purpose of the requests; and (c) the nature of the burden to the respondent. *Kone,* 2011 WL 4478477, at *4 (citations omitted).

**II.   GOOD CAUSE FOR EXPEDITED DISCOVERY IS SHOWN HERE.**

**A.   The Timing And Context Of The Discovery Warrants Expedited Discovery.**

Insulate SB has filed a motion for preliminary injunction, but needs the evidence to support its motion, which must be submitted within 14 days pursuant to Local Rules 7.5. Moreover, Local Rule 23.3 requires Plaintiff to move for class certification within 90 days of the filing of the Complaint. The discovery sought is narrowly tailored to support these motions and needs to be obtained in sufficient time to permit its use. Thus, the first factor supports granting the Motion.

5

**B.     The Scope And Purpose Of The Requests Warrant Granting Expedited Discovery.**

Because the discovery is narrowly tailored for a specific purpose, the request satisfies the second factor used to determine whether the relief should be granted.

**1.     Excessive Sealing And Redacting In The Gama/PMC Litigation Concealed Key Evidence.**

Evidence regarding various aspects of the Gama/PMC litigation is relevant to Plaintiff's Motion for Preliminary Injunction as well as the motion for class certification. Based on review of the limited publicly available information, the evidence in the sealed case file (which supported the court's denial of Graco's summary judgment motion in the Gama/PMC litigation and the FTC's findings and order) will likely support a preliminary injunction and class certification here.

For example, the context of the redactions in the Gama/PMC litigation order denying summary judgment indicates that necessary evidence is contained in the redacted case file. Among other things, the court found that: "Graco appears to have succeeded in generally excluding Gama from its distribution network." *Graco, Inc. v. PMC Global, Inc.*, CIV.A. 08-1304, 2012 WL 762448, at *12 (D.N.J. Mar. 6, 2012). The court also found that there was evidence (1) of market power in the North American FSE market, and (2) that Graco's conduct was anticompetitive. *Id*. at *9, 17. The opinion, however, does not provide the underlying evidence supporting the findings and redacts many crucial facts:

> The evidence of monopolization by Graco is limited to internal Graco reports obtained during discovery. In 2005, after Graco acquired Gusmer, a Graco report

6

> indicated that Graco's market share in the high pressure SFE was [**Redacted**] In 2008, Graco's market share in the global market was [**Redacted**] while Glascraft (soon to be part of Graco) had an [**Redacted**] share. A 2009 internal report on the "spray foam market and spray polyurea market" found that Graco had a North American market share of [**Redacted**] and a worldwide share of roughly [**Redacted**].

*Id.* at *4.

Similarly, in finding an issue of fact as to whether Graco's acquisition and maintenance of monopoly power was willful, the court referred to statements by Graco's President and Chief Executive Officer, which are redacted from the order:

> Gama's evidence includes a statement from Patrick McHale [Graco's CEO] who was concerned about the new start up companies such as Garraf. In April, 2007 he likened the situation to [**Redacted**].

*Id.* at *2.

Evidence of Graco's actions to enforce the conspiracy is likewise hidden from view. The opposition to Graco's motion for summary judgment refers to a January 2009 meeting, in which Graco met with one of its top distributors to dissuade it from withdrawing from the conspiracy:

> 83:5). Graco quickly flew two executives across the country to meet with Chris Donaghy at a local Holiday Inn, where they delivered an ultimatum:
>
>> [I]f you do take on the Gama line, you will immediately lose your . . . discounts and then receive a letter notifying you of 60-day termination of your Graco distributorship . . . . There will be NO combined Graco and Gama distributorships, EVER . . . . W.D. Ex. 47 (emphasis in original); ▉

7

(Exhibit G, Memorandum in Opp. to Mot. for Summary Judgment at 8, Docket No. 658, *PMC Global, Inc.,* No. 08-CV-01304.)  The deposition testimony describing the meeting and the exhibit referenced for this threat, however, are all under seal. Other facts demonstrating Graco's success at keeping competition out of the FSE market are similarly hidden from view:



(*Id.*)

### 2. The Evidence Is Necessary To Support Plaintiff's Motions for Preliminary Injunction And Class Certification.

Courts have regularly noted that expedited discovery is more likely to be an efficient use of party resources when it relates to a preliminary injunction or to claims of unfair competition. *Fonovisa,* 2008 WL 919701, at *10 n. 22 (good cause found where a party seeks a preliminary injunction or where the case involves or unfair competition claims.); *EXL Labs., LLC v. Egolf,* No. 10–6282, 2010 WL 5000835, at *8 (E.D. Pa. Dec.7, 2010) (granting expedited discovery related to a preliminary injunction); *Philadelphia Newspapers, Inc. v. Gannett Satellite Info. Network, Inc.*, No. 98-CV-2782, 1998 WL 404820, at *4 (E.D. Pa. July 15, 1998) ("expedited discovery is particularly appropriate where that

discovery would better enable the court to judge the parties' interests and respective chances for success on the merits' at a preliminary injunction hearing").

In order to carry its burden to get a preliminary injunction, Plaintiff must demonstrate a reasonable "probability of success" on the merits of its antitrust claims and irreparable injury absent a preliminary injunction.[1] To demonstrate a "probability of success on the merits," Plaintiff must provide evidence that Defendants engaged in unlawful activity as alleged in the Complaint. As shown by the extensive redactions in the Gama/PMC litigation, there is substantial *indication* of the ongoing nature of the conspiracy and the necessity for a preliminary injunction. But, as discussed above, the important facts are often redacted and the underlying evidence sealed.

The nature and scope of discovery needed for the preliminary injunction substantially overlaps that needed for class certification. Indeed, the need for discovery is equally justified by Insulate SB's imminent motion for class certification. Indeed, whether class certification is appropriate cannot be fairly decided without discovery. In its recent decision, in *Comcast Corp. v. Behrend*, the United States Supreme Court clarified that a district court's "rigorous analysis"

---

[1] In the Third Circuit, "[f]our factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." *Gerardi v. Pelullo,* 16 F.3d 1363, 1373 (3d Cir. 1994).

of the merits of class certification will "overlap with the merits of the plaintiff's underlying claim." 569 U.S. ___, ___, 133 S.Ct. 1426, 1432, 185 L.Ed.2d 515 (2013) (quotations omitted).

Even prior to the Supreme Court's affirmation, courts, including the Third Circuit, have acknowledged that precertification discovery is often warranted. *Landsman & Funk PC v. Skinder-Strauss Associates*, 640 F.3d 72, 93 (3d Cir. 2011) *reh'g en banc* granted, 650 F.3d 311 (3d Cir. 2011) *vacated*, 09-3105, 2012 WL 2052685 (3d Cir. Apr. 17, 2012) and *opinion reinstated in part*, 09-3105, 2012 WL 2052685 (3d Cir. Apr. 17, 2012) ("limited discovery supporting certification motions may be necessary for sound judicial administration"); *see also, e.g., Sloan v. C.C. Collings & Co., Inc.,* CIV.A. 85-3315, 1986 WL 8226, at *2 (E.D. Pa. July 22, 1986) ("discovery permitted must be sufficiently broad in order that the plaintiffs have a realistic opportunity to meet [class certification] requirements"); *Chateau de Ville Productions, Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962, 966 (2d Cir. 1978) ("[f]ailure to allow discovery, where there are substantial factual issues relevant to certification of the class, makes it impossible for the party seeking discovery to make an adequate presentation"); *Yaffee v. Powers*, 454 F.2d 1362, 1366 (1st Cir. 1972) ("To pronounce finally, prior to allowing any discovery, the nonexistence of a class or set of subclasses, when their existence may depend on information wholly within defendants' ken, seems precipitate and contrary to the pragmatic spirit of Rule 23"); *National Organization for Women, Farmington*

*Chapter v. Sperry Rand Corp.*, 88 F.R.D. 272, 276 (D. Conn. 1980) ("It is well-established that some discovery is necessary prior to a determination of class certification").

As case in point, evidence in support of the commonality and typicality required by Rule 23(a) and the similar requirements of Rules 23(b)(2) ("the party opposing the class has acted or refused to act on grounds that apply generally to the class") and 23(b)(3) (predominance if common issues of law or fact), both alleged by Plaintiff, is necessary for class certification. To illustrate this, the following conduct by Defendants, applies generally to the class and exemplifies some of the common questions of fact for which the discovery requests seek support:

   (a)  Whether Graco, in combination with distributor Defendants, used unfair, anticompetitive practices to maintain its monopoly;

   (b)  Whether the Defendants conspired to restrict the supply and distribution of FSE and to maintain agreed-upon artificially high prices;

   (c)  Whether the class has sustained damages in the nature of overcharges as a result of Defendants' conduct.

The unredacted case file in the Gama/PMC litigation and the limited discovery requested herein will provide facts to support Plaintiff's allegations regarding the issues above. Plaintiff requests expedited discovery that is neither burdensome nor oppressive but broad enough to give Plaintiff an opportunity to satisfy the Rule 23 requirements.

### C. Production of Requested Discovery Will Not Be Burdensome.

Plaintiff's discovery requests are not unduly burdensome but tailored to provide sufficient information to support a preliminary injunction and satisfy the Rule 23 requirements. From what Plaintiff can glean from the limited unsealed information, much of the evidence required for an informed decision regarding both motions is readily available and will not take significant time or effort for Defendant Graco to produce. Likewise, Plaintiff's additional targeted discovery requests to all Defendants seek information necessary to support of the probability on the merits, irreparable injury, and the Rule 23 requirements.

### III. PLAINTIFF'S EXPERTS SHOULD BE ALLOWED TO USE INFORMATION OBTAINED IN THE GAMA/PMC LITIGATION.

With regard to the motion for class certification, the Supreme Court's ruling in *Comcast* makes it clear that Plaintiff must show that damages are measurable on a class-wide basis for class certification. 569 U.S. at ___, 133 S.Ct. 1426 at 1430. It appears that the two experts Plaintiff has retained have previously conducted much of the analysis necessary to show class wide impact in support of class certification in their work related to the Gama/PMC litigation. But the restrictions of that case's Discovery Confidentiality Order preclude the use of this information unless the New Jersey District Court orders it or Graco agrees.

In the interests of justice and judicial economy, Insulate SB requests that this Court order Graco to consent to Insulate SB's experts accessing and using facts, information, documents, or analysis obtained in or prepared for the Gama/PMC

12

litigation. This request is justified by the fact that, the New Jersey District Court, in denying Graco's summary judgment motion, heavily relied on the expert opinion of Greg Regan, a forensic accountant already retained by Plaintiff.

> In particular, Mr. Regan's analysis demonstrates that Graco's acquisition of dominant market share in the SFE market led to Graco's ability to raise prices well above a standard benchmark. Regan Dec. ¶ 16; Ex. A (at 47-55, Exs 4.1 through 7.2). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ while the benchmark Producer Price Index ("PPI") had risen only 24%. Id. ¶ 16, Ex. A (Exhibit 6.1). Notably, Mr. Regan's analysis not only compared Graco's SFE price increases to the PPI, but also to Graco's own pricing of products in a different, more competitive product market. He found that in that more competitive market, ▓▓▓▓▓▓▓▓▓▓▓▓ Id. ¶ 16; Ex A (at 51).

(Exhibit G, Memorandum in Opp. to Mot. for Summary Judgment at 14, Docket No. 658, *PMC Global, Inc.,* No. 08-CV-01304).

Allowing the experts to use information already known to them is in the interest of judicial economy and will place no burden on Defendants.

**IV.    A PROTECTIVE ORDER WILL ALLEVIATE ANY HARDSHIP RELATED TO CONFIDENTIALITY.**

To the extent discovery may involve the disclosure of Defendants' confidential business and/or trade secret information, any concerns regarding confidentiality can be adequately addressed with an appropriate protective order. Likewise, concerns regarding the experts' use of facts and analysis from the Gama/PMC litigation can be addressed by their signing such an order. Plaintiff proposes a Protective Order (attached hereto as Exhibit H) that will alleviate any

13

concerns regarding confidentiality or disclosure of trade secrets, but would allow the use of information as necessary for efficient prosecution of this case.

## CONCLUSION

Plaintiff's discovery requests are (1) necessary in the context of the Motion for Preliminary Injunction and the imminent class certification motion; (2) limited in scope to information necessary to show a probability of success on the merits for a preliminary injunction and to meet the Rule 23 requirements; and (3) tailored to minimize any burden on Defendants. *See Kone*, 2011 WL 4478477, at *4 (three factors evaluated in considering a motion for expedited discovery). As such, the circumstances favor expedited discovery and satisfy the good cause standard.

Attached hereto, as Exhibits A through F, are copies of Plaintiff's proposed discovery requests,[2] which we request the Court order responses to within seven days from the date of service. Insulate SB further requests that the Court immediately order that its experts may begin their analysis accessing and using the evidence provided in the Gama/PMC litigation.

---

[2] Exhibit A, Plaintiff's First Set of Requests for Admissions to Defendant Graco; Exhibit B, Plaintiff's First Set of Requests for Admissions to Distributor Defendants; Exhibit C, Plaintiff's First Set of Interrogatories to Defendant Graco: Exhibit D, Plaintiff's First Set of Interrogatories to Distributor Defendant; Exhibit E, Plaintiff's First Set of Requests for Production to Defendant Graco; Exhibit F, Plaintiff's First Set of Requests for Production to Distributor Defendants.

                    Respectfully submitted,

                    s/ Christopher A. Nedeau
                    Christopher Nedeau (*Pro Hac Vice pending*)
                    Veronica L. Harris (*Pro Hac Vice pending*)
                    Natasha Saggar Sheth (*Pro Hac Vice pending*)
                    Catherine F. Ngo (*Pro Hac Vice pending*)
                    NOSSAMAN LLP
                    50 California Street
                    San Francisco, CA  94111
                    Telephone: (415) 398-3600
                    Facsimile: (415) 398-2438
                    CNedeau@nossaman.com
                    VHarris@nossaman.com

                    s/ Lawrence H. Pockers
                    Wayne A. Mack (*Pro Hac Vice pending*)
                    Lawrence H. Pockers (PA ID 84589)
                    Robert M. Palumbos (*Pro Hac Vice pending*)
                    Andrew R. Sperl (*Pro Hac Vice pending*)
                    DUANE MORRIS LLP
                    30 South 17th Street
                    Philadelphia, PA 19103-4196
                    Telephone: (215) 979-1152
                    Facsimile: (215) 689-3595
                    WAMack@duanemorris.com
                    LHPockers@duanemorris.com

                    *Counsel for Plaintiff Insulate SB, Inc.*

June 19, 2013