# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INSULATE SB, INC., a California Corp., individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>ABRASIVE PRODUCTS & EQUIPMENT, *et al.*<br><br>*Defendants.* | Case No. 1:13–cv–01609–YK<br><br>(Chief Judge Yvette Kane)<br><br>**EXPEDITED REVIEW REQUESTED**<br><br><br>Filed Electronically |

## The Moving Defendants'
## Expedited Motion for an
## Enlargement of Time to Respond to the Complaint

Defendants Abrasive Products & Equipment, LLC (APE), Advanced

Finishing Systems, Inc., Air Power, Inc., Airtech Spray Systems, Barnhardt

Manufacturing Company, C.J. Spray Inc., Coatings Holdings Ltd.,

Corrosion Specialties, Inc., Demilec (USA), LLC, EnDiSys Fluid Delivery

Systems, F&S Equipment and Supplies, Inc., Graco Inc. and Graco

Minnesota Inc. ("Graco"), Hydraflow Equipment Co., Marco Group

International, Inc., Midway Industrial Supply, Specialty Products, Inc.,

Spray Foam Systems, LLC, Spray-Quip, Inc., The Paint Project, and

Ultimate Linings, Ltd. (collectively, "Moving Defendants"), by and through their counsel, respectfully move for an enlargement of time to respond to the Complaint until 30 days after the Court's ruling on Graco's pending motion to transfer venue under 28 U.S.C. § 1404(a), and state the following in support:

### Introduction

1.      On June 14, 2013, Plaintiff filed suit in this Court, asserting complex antitrust claims against Graco and 32 other defendants. *See* Dkt. 1. The Moving Defendants' responses to the Complaint, along with numerous other defendants, are due on either August 29 or 30, or September 15, 2013. *See* Dkt. 23, 54, 86, 90, and 91.

2.      On July 19, 2013, Graco filed in this Court a Motion under 28 U.S.C. § 1404(a) to transfer venue to the Federal District of Minnesota (hereinafter, "Motion to Transfer Venue"). *See* Dkt. 67.

3.      Numerous distributor Defendants intend to raise improper-venue and personal jurisdiction motions if the matter is not transferred to the District of Minnesota.

4.      On August 5, 2013, Plaintiff filed and served Graco with a brief in opposition to Graco's Motion to Transfer Venue. *See* Dkt. 131.

5.      Under L.R. 7.7, this Court's Standing Order 05-6, and Fed. R. Civ. P. 6(d), Graco's reply in support of its Motion to Transfer Venue is due on August 22, 2013, although it intends to file it well in advance of the deadline.

6.      The Moving Defendants also plan to file a Rule 12(b)(6) Motion to Dismiss in response to the Complaint, and will seek a stay of discovery pending determination of that motion. But with Graco's Motion to Transfer Venue still unresolved, the Moving Defendants do not know whether this Court or the District of Minnesota will ultimately hear their Motions to Dismiss.

7.      Thus, for reasons of judicial economy, the efficient use of resources, and "to secure the just, speedy, and inexpensive determination" of this action, the Moving Defendants bring this Motion for an Extension of Time. Fed. R. Civ. P. 1; *see also* L.R. 7.5. In particular, the Moving Defendants  seek an Order from this Court staying their responsive-

pleading deadline until 30 days after the Court decides whether to transfer this action. Dkt. 67.[1]

8.      The Moving Defendants also seek expedited review of this extension motion given the imminence of the Moving Defendants' current August 29, 30, and September 15, 2013 responsive-pleading deadlines. Dkt. 23, 54, 86, 90, and 91; *see* L.R. 7.6 (this Court may "grant any motion before expiration of the prescribed period for filing a brief in opposition").

### The Moving Defendants' Requested Time Extension
### Advances Judicial Economy

9.      Staying the Moving Defendants' responsive-pleading deadline pending the resolution of Graco's Motion to Transfer Venue advances judicial economy in several ways.

10.      First, staying the Moving Defendants' responsive-pleading deadline will ensure this Court is not unnecessarily burdened with the Moving Defendants' Motions to Dismiss until the Court has decided the proper venue for this action. The extension will also preclude or minimize

---

[1]      To further preserve judicial resources, the Court may also want to enlarge the time to respond for all defendants and not just the Moving Defendants. The Moving Defendants have no objection to, and indeed, would support, the Court doing so.

the need for the Court to manage subsequent filings by Plaintiff, including time-extension motions. In fact, extending all Defendants' responsive-pleading deadlines may obviate the need for motion-to-dismiss briefing directed at the lack of personal jurisdiction and proper venue in this District.

11.    Second, staying the Moving Defendants' responsive-pleading deadline will aid the District of Minnesota if this Court decides to grant Graco's Motion to Transfer Venue. Absent the stay, if this Court decides to transfer venue, the District of Minnesota may require new briefing on the Moving Defendants' Motions to Dismiss—and any responses to them filed by either Plaintiff or any Defendant—under Eighth Circuit law and the District of Minnesota's local rules[2] in light of the transfer.

12.    Third, for similar reasons, deferring motion-to-dismiss briefing until the appropriate venue is determined will conserve the parties' resources by minimizing the potential for duplicative briefing.

13.    Fourth, extending the Moving Defendants' responsive-pleading deadline is consistent with the stay of briefing requested by Plaintiff—and

---

[2]    *Compare, e.g.*, M.D. Pa. L.R. 7.8(b)(2) (5,000-word-limit for briefs), *with* D. Minn. L.R. 7.1(f)(1)(A) (12,000-word-limit for briefs)].

granted by this Court—on Plaintiff's preliminary injunction motion. *See* Dkt. 29. Both requests ensure this Court is not burdened with briefing on a major issue until the Court has decided an underlying dispute with significant ramifications for the course of the litigation.

14.    Not surprisingly, courts in similar circumstances have observed that venue should be addressed *before* proceeding to the merits of the action. *See In re Fusion-Io, Inc.*, 489 Fed. Appx. 465, 466 (Fed. Cir. 2012) (directing that district court should address motion to transfer under 28 U.S.C. § 1404(a) "*before* proceeding to any motion on the merits of the action") (emphasis added) (collecting cases).

### No Party Will Be Prejudiced by the Moving Defendants' Requested Time Extension

15.    By contrast, extending the Moving Defendants' responsive-pleading deadline pending resolution of Graco's Motion to Transfer Venue will not prejudice any party to this case and will, as explained above, avoid prejudice to the parties by eliminating unnecessary and duplicative proceedings.

WHEREFORE, the Moving Defendants request this Motion be expeditiously granted and that this Honorable Court enter the attached proposed Order.

Dated: August 7, 2013

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

By: _____ s/ Walter W. Cohen _____

Walter W. Cohen (PA 12097)
Kevin J. Kehner (PA 33539)
Matthew A. Green (PA 91592)

200 Locust Street — Suite 400
Harrisburg, PA 17101–1508

T: 717–234–9730
F: 717–234–9734

walter.cohen@obermayer.com

ROBINS, KAPLAN, MILLER & CIRESI, LLP

Anne M. Lockner (*pro hac vice* MN 295516)
Stephen P. Safranski (*pro hac vice* MN 331326)
Kellie Lerner (*pro hac vice* NY 4446472)
George D. Carroll (*pro hac vice* MN 350436)
Mahesha P. Subbaraman (*pro hac vice* MN 392486)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402–2015

T: 612–349–8500
F: 612–339–4181

klerner@rkmc.com

*Attorneys for Defendants Graco Inc. and*
*Graco Minnesota Inc.*

7

**WYATT EARLY HARRIS WHEELER LLP**

By: _____*s/*_____
    Scott F. Wyatt (*pro hac vice* NC 18754)

      P.O. Drawer 2086
      High Point, NC 27261

      T: 336-819-6007
      F: 336-819-6067

      swyatt@wehwlaw.com

**DALEY ZUCKER MEILTON & MINER, LLC**

    Steven Paul Miner (PA 38901)

      635 North 12th Street
      Suite 101
      Lemoyne, PA 17043

      T: 717-724-9821
      F: 717-724-9826

      sminer@dzmmglaw.com

*Attorneys for Defendant Air Power, Inc.*

CRADY, JEWETT & MCCULLEY, LLP

By: _____ s/ _____

    Shelley B. Marmon (*pro hac vice* TX 3497050)

    2727 Allen Parkway
    Suite 1700
    Houston, TX 77019

    T: 713-739-7007
    F: 713-739-8403

    samarmon@cjmlaw.com

LAW OFFICES OF ALAN M. GNESSIN

    Larry B. Selkowitz (PA 16276)

    2080 Linglestown Road
    Harrisburg, PA 17110

    T: 717- 635-2909

    lbs@gnessinlaw.com

*Attorneys for Defendant Abrasive Products &*
    *Equipment, LLC (APE)*

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

By: _____ _s/_ _____
    Joshua E. Swiger (PA 79927)
    *(Application for Admission to Middle District*
    *Pending)*

      3344 Peachtree Road, NE
      Suite 2400
      Atlanta, GA 30326

      T: 404- 876-2700
      F: 404- 875-9433

      jswiger@wwhgd.com

*Attorneys for Defendants Corrosion Specialties, Inc., and*
    *F&S Equipment and Supplies, Inc.*

**RAWLE & HENDERSON LLP**

By: _____ _s/_ _____
    Jeanne Welch Sopher (PA 15222, 71067)
    Kevin M. Ward (PA 15222, 91749)

      535 Smithfield Street
      Suite 1000
      Pittsburgh, PA 15222

      T: 412-261-5700
      F: 412-261-5710

      jwsopher@rawle.com

*Attorneys for Defendant Barnhardt Manufacturing*
    *Company*

10

DILWORTH PAXSON LLP

By: _____ s/ _____
     Joseph U. Metz (PA 32958)

     112 Market Street
     8th Floor
     Harrisburg, PA 17101

     T: 717-236-4812
     F: 717-236-7811

     jmetz@dilworthlaw.com

*Attorneys for Defendants Advanced Finishing Systems, Inc., Airtech Spray Systems, C.J. Spray Inc., Coatings Holdings Ltd., Demilec (USA), LLC, EnDiSys Fluid Delivery Systems, Hydraflow Equipment Co., Marco Group International, Inc., Midway Industrial Supply, Specialty Products, Inc., Spray Foam Systems, LLC, Spray-Quip, Inc., The Paint Project, and Ultimate Linings, Ltd.,*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INSULATE SB, INC., a California Corp., individually and on behalf of all others similarly situated, | Case No. 1:13–cv–01609–YK |
| | (Chief Judge Yvette Kane) |
| *Plaintiff,* | **EXPEDITED REVIEW REQUESTED** |
| v. | |
| ABRASIVE PRODUCTS & EQUIPMENT, *et al.* | |
| | <u>Filed Electronically</u> |
| *Defendants.* | |

### Certificate of Counsel Pursuant to Local Rule 7.1 in Support of the Moving Defendants' <u>Expedited Motion for an Extension of Time to Respond to the Complaint</u>

Counsel for Defendants Abrasive Products & Equipment, LLC (APE), Advanced Finishing Systems, Inc., Air Power, Inc., Airtech Spray Systems, Barnhardt Manufacturing Company, C.J. Spray Inc., Coatings Holdings Ltd., Corrosion Specialties, Inc., Demilec (USA), LLC, EnDiSys Fluid Delivery Systems, F&S Equipment and Supplies, Inc., Graco Inc. and Graco Minnesota Inc. ("Graco"), Hydraflow Equipment Co., Marco Group International, Inc., Midway Industrial Supply, Specialty Products, Inc., Spray Foam Systems, LLC, Spray-Quip, Inc., The Paint Project, and Ultimate Linings, Ltd. (collectively, "Moving Defendants") certifies that

they have sought concurrence from each represented party in this case through their counsel-of-record to the relief sought in this Motion.

Counsel further certifies that as of the date-and-time when this Motion was filed:

1.     Plaintiff has been notified of this Motion and opposes the Motion.

2.     The following **thirteen** Co-Defendants have not yet appeared by counsel in this case:

| | |
|---|---|
| Carolina Equip. & Supply Co. | Intech Equipment & Supply LLC |
| C.H. Reed, Inc. | MCC Equipment & Service Ctr. |
| Clemtex Inc. | North Carolina Foam Industries |
| Coast Industrial Systems, Inc. | Spray Foam Nation |
| Dove Equipment Co., Inc. | Spray Pump, Inc. |
| Golden State Paint Corp. | Urethane Supply Co. |
| Jack DeMita | |

Dated: August 7, 2013          **ROBINS, KAPLAN, MILLER & CIRESI LLP**

By:   *s/ Anne M. Lockner*
Anne M. Lockner (*pro hac vice* MN 295516)

*Attorneys for Defendants Graco Inc. and*
  *Graco Minnesota Inc.*

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INSULATE SB, INC., a California Corp., individually and on behalf of all others similarly situated, | Case No. 1:13–cv–01609–YK |
| | (Chief Judge Yvette Kane) |
| *Plaintiff,* | **EXPEDITED REVIEW REQUESTED** |
| v. | |
| ABRASIVE PRODUCTS & EQUIPMENT, *et al.* | |
| | Filed Electronically |
| *Defendants.* | |

### Certificate of Service in Support of
### the Moving Defendants' Expedited Motion
### for an Enlargement of Time to Respond to the Complaint

I certify that on August 7, 2013, the foregoing Motion was filed electronically with the Clerk of the Court using CM/ECF. I further certify that the foregoing Motion is being served this day on all Counsel of Record via transmission of Notices of Electronic Filing generated by CM/ECF.

I further certify that I served a copy of the Motion this day on the following unrepresented parties by U.S. Mail, postage prepaid:

Dated: August 7, 2013       **OBERMAYER REBMANN MAXWELL & HIPPEL LLP**

By: ___*s/ Walter W. Cohen*_____
      Walter W. Cohen (PA 12097)

*Attorneys for Defendants Graco Inc. and*
      *Graco Minnesota Inc.*

2