IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INSULATE SB, INC., | : | |
|     Plaintiff | : | No. 1:13-cv-1609 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| ABRASIVE PRODUCTS & | : | |
| EQUIPMENT, et al., | : | |
|     Defendants | : | |

### MEMORANDUM ORDER

Before the Court is Defendants' motion for an enlargement of time to respond to Plaintiff's complaint. (Doc. No. 134.) The motion was filed on behalf of twenty of the thirty-three Defendants[1] named in Plaintiff's complaint. Defendants request the Court to extend the time for responsive pleadings until thirty days after the Court rules on Defendants' pending motion to transfer venue. For the reasons that follow, the Court will grant Defendants' motion.

**I.  BACKGROUND**

On June 14, 2013, Plaintiff Insulate SB, Inc. filed the above-captioned action on behalf of itself and all others similarly situated against Defendants Graco, Inc. and Graco Minnesota, Inc., along with a number of distributors of Graco's fast-set spray foam equipment, alleging violations of, inter alia, Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, as well as Sections 3, 4, 7,

---

[1]The moving Defendants are Abrasive Products & Equipment, LLC (APE), Advanced Finishing Systems, Inc., Air Power, Inc., Airtech Spray Systems, Barnhardt Manufacturing Company, C.J. Spray Inc., Coatings Holdings Ltd., Corrosion Specialties, Inc., Demilec (USA), LLC, EnDiSys Fluid Delivery Systems, F&S Equipment and Supplies, Inc., Graco Inc. and Graco Minnesota Inc., Hydraflow Equipment Co., Marco Group International, Inc., Midway Industrial Supply, Specialty Products, Inc., Spray Foam Systems, LLC, Spray-Quip, Inc., The Paint Project, and Ultimate Linings, Ltd.

and 16 of the Clayton Act, 15 U.S.C. §§ 14, 15, 18, 26. (Doc. No. 1.) In its complaint, Plaintiff, a contractor that uses fast-set spray foam equipment, alleges that Defendant Graco conspires with distributors to deny its competitors access to the fast-set equipment distribution network and whereby the distributors conspire with one another to exclusively deal with Graco, thus forming a "hub-and-spoke" conspiracy. (Id. ¶ 171.) Moreover, Plaintiff alleges that Graco conspired with each of the distributors to vertically fix the price of fast-set equipment. (Id.)

On June 19, 2013, Plaintiff moved the Court to issue an order setting an expedited discovery schedule, and for a preliminary injunction enjoining Defendants from engaging in their alleged anticompetitive activities. (Doc. Nos. 10, 12.) Plaintiff requested expedited discovery to allow it to obtain the necessary information for a preliminary injunction hearing and for class certification. (Doc. No. 11.) On July 9, 2013, the Court stayed Plaintiff's motion for a preliminary injunction, pending the Court's resolution of the motion for expedited discovery. (Doc. No. 29.) With the preliminary injunction motion stayed and the expedited discovery motion awaiting disposition, on July 19, 2013, Defendants Graco, Inc. and Graco Minnesota, Inc., filed a motion to transfer the case to the District of Minnesota. (Doc. Nos. 67, 69.) They submit that the District of Minnesota would be a more proper and convenient forum for this litigation than the Middle District of Pennsylvania. (Id.) On August 7, 2013, twenty of the named Defendants moved the Court to grant them additional time to file a responsive pleading to Plaintiff's complaint.[2] (Doc. No. 134.) Specifically, they ask the Court to extend the due date

---

[2]Prior to now, twenty Defendants had been granted extensions of time to file their responses to the Complaint. (Doc. Nos. 23, 32, 41, 44, 54, 120, 147.) Owing to these previous extensions, current due dates for the responsive pleadings of various named Defendants vary, but include August 29, August 30, September 10, and September 15, 2013. (Id.)

for responsive pleadings until thirty days after the Court rules on Defendants' motion to transfer venue. (Id.) Defendants assert that many of them intend to file motions to dismiss for improper venue and lack of personal jurisdiction in response to Plaintiff's complaint, and that it would be in the best interests of all named parties to wait for such responses until after the Court rules on the pending motion to transfer venue. (Doc. No. 134 at 2-3.) On August 9, 2013, Plaintiff filed a conditional statement of non-opposition to Defendants' motion for an enlargement of time, stating that "it made sense" to extend Defendants' deadlines, but only in the event it would not prolong the Court's decision on Plaintiff's motions for expedited discovery and a preliminary injunction. (Doc. No. 139.)

## II. LEGAL STANDARD

Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure allows the Court, for good cause, to extend a specified due date "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Further, a district court has "ample power, in its discretion, to extend the time for serving a motion or answer." Chocallo v. I.R.S. Dep't of Treasury, 145 Fed. App'x 746, 747 (3d Cir. 2005) (quoting Orange Theatre Corp. v. Rayherstz Amusement Corp., 139 F.2d 871, 872 (3d Cir. 1944)). The Federal Rules of Civil Procedure should be "administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## III. DISCUSSION

Defendants assert that good cause for an enlargement exists because judicial economy would be promoted by an extension of time in the following ways: (1) it will prevent the Court from managing motions and filings that, pending the Court's disposition of Defendants' motion

to transfer venue, may or may not be rendered moot; (2) it will aid the District of Minnesota, in the event that the Court transfers the case and further briefing is required; (3) it will conserve the parties' resources by eliminating unnecessary duplicative briefings; and (4) given that the Court has stayed the preliminary injunction, it will prevent burdensome briefing on that motion until the motion to transfer venue is decided. (Doc. No. 134 at 4-6.) Plaintiff's conditional statement of non-opposition asserts that it does not oppose Defendants' motion for an enlargement of time to the extent that the extension will not delay a ruling on Plaintiff's motion for expedited discovery and its motion for a preliminary injunction. (Doc. No. 139 at 1-2.)

Upon review, the Court is satisfied that extending the time for filing responsive pleadings will promote judicial economy, be in the best interests of the parties, and assist with the "just, speedy, and inexpensive determination" of the litigation. See Fed. R. Civ. P. 1. Defendants filed their motion before the time for pleadings expired. (Doc. No. 134.) Denying an extension would mean that extensive motions and briefing would need to be re-drafted and re-filed in the District of Minnesota, should the Court grant a change of venue. Moreover, granting this requested extension would also streamline the different due dates by setting one date for all moving Defendants. See Doc. Nos. 23, 32, 41, 44, 54, 120.

Regarding Plaintiff's concerns raised in its conditional statement of non-opposition to this motion, there is no reason to believe that an extension of time to file responsive pleadings would have any effect on the Court's disposition of the motion for expedited discovery or preliminary injunction. Moreover, the Court finds Defendants are not using this motion as a pretext to cause undue delay, as there are clear practical reasons for granting this extension. These justifications are compelling and provide good cause for grant of the enlargement of time to file responsive

4

pleadings.  This conclusion falls well within the Court's discretion.  See Drippe v. Tobelinski, 604 F.3d 778, 783 (3d Cir. 2010) (quoting Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 583-584 (1st Cir. 1994)) ("The district court is afforded great leeway in granting or refusing enlargements[.]").

## IV. CONCLUSION

The Court finds that good cause exists for the enlargement and will grant Defendants' motion.

**ACCORDINGLY**, on this 27th day of August 2013, **IT IS HEREBY ORDERED THAT** Defendants' motion for an enlargement of time to respond to Plaintiff's complaint (Doc. No. 134) is **GRANTED**.  **IT IS FURTHER ORDERED THAT** all moving Defendants shall file responsive pleadings to Plaintiff's complaint within thirty days of the Court's decision on Defendants' pending motion to transfer venue (Doc. No. 67).

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania